UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVAREZ CAMILA SANCHEZ

                    Petitioner,

v.

UNITED STATES OF AMERICA

                    Respondent.

_____/

CIV. NO.: 04-40311
CRIM. NO.: 00-CR-50008-01

HON. PAUL V. GADOLA
MAG. JUDGE WALLACE CAPEL, JR.

## REPORT AND RECOMMENDATION

### I.      INTRODUCTION

      Before the Court is Petitioner Alvarez Camila Sanchez's "Motion Under 28 U.S.C. §

2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," filed on October

28, 2004.

### II.     BACKGROUND

      Petitioner filed this motion to vacate, set aside, or correct a sentence that she received on

May 17, 2001.  On the day scheduled for her trial, January 16, 2001, Petitioner pleaded guilty to

Counts One and Two of a fourth superseding indictment.  Count One charged Petitioner with

conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of

21 U.S.C. § 846.  Count Two charged Petitioner with distribution of methamphetamine in

violation of 21 U.S.C. § 841(a)(1).  As a part of her guilty plea Petitioner also stipulated to be

1

held responsible for at least 900 grams of methamphetamine on both counts.[1]

Petitioner filed a timely notice of appeal on May 23, 2001, and her sentence was affirmed on January 23, 2003.[2]  She did not appeal further.  A 28 U.S.C. § 2255 motion must be filed within one year of the expiration of the 90-day certiorari period.  Clay v. United States, 537 U.S. 522, 525, 123 S. Ct. 1072, 1075  (2003).  In Petitioner's case, therefore, her Motion should have been filed before April 23, 2004.  Because Petitioner did not file her Motion until October 28, 2004, it should be denied as untimely.

However, even if the Court considers the Petitioner's Motion on the merits, it should still be denied.

## III. ANALYSIS

Petitioner has raised two issues in her motion: ineffective assistance of counsel and the assessment of her criminal history score.[3]  While the first issue is clearly stated on page five of the Motion, the Court has inferred the second issue from Petitioner's typewritten statement dated September 21, 2004, attached to the Motion.[4]  In that statement, Petitioner recounts mitigating circumstances surrounding her arrest related to marijuana and firearm possession, and she

---

[1]Transcript of Plea, January 16, 2001, at pages 25:24-26:6.

[2]United States v. Alvarez Camila Sanchez, 57 Fed. Appx. 614, 2003 WL 173084 (2003); United States' Response to Motion under 28 U.S.C. § 2255, filed November 17, 2004 ("U.S. Response"), Attachment A; Docket Number 106. [The Court of Appeals decision is dated January 27, 2003, on the United States District Court docket sheet.]

[3]Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October 28, 2004 ("Petitioner's Motion").

[4]Petitioner's Motion, Attachment dated September 21, 2004.

reiterates that she did not serve time in prison for her conviction in that case.[5]  Specifically, she states, "[T]his information was probably used incorrectly to increase her offense level and her points."[6]

Both of these issues have been addressed by the Court of Appeals on direct appeal from Petitioner's sentence.

The usual rule is that a defendant may not raise claims for ineffective assistance of counsel on direct appeal.  United States v. Sullivan, 431 F.3d 976, 986 (2005) (citing United States v. Williams, 176 F.3d 301, 312 (6th Cir.1999)).  The Court of Appeals has held that the more preferable route for raising an ineffective assistance of counsel claim is in a post-conviction proceeding under 28 U.S.C. § 2255, whereby the parties can develop an adequate record.  Id. (citing United States v. Barrow, 118 F.3d 482, 494 (6th Cir. 1997) (internal citations omitted)). However, the Court of Appeals has occasionally departed from the usual rule to address the merits of an ineffective assistance of counsel claim on direct appeal, but only when the record is adequate to address the claim.  Id.  (citation omitted).  In this case, the Court of Appeals did in fact address Defendant's ineffective assistance of counsel claim on direct appeal.[7]

According to Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1994), a convicted defendant, who claims that counsel's assistance was so ineffective as to require reversal of a conviction, must show that (1) counsel's performance was so deficient that he or she

---

[5]Id.

[6]Id.

[7]United States' Response to Motion under 28 U.S.C. § 2255, filed November 17, 2004 ("U.S. Response"), Attachment A at pages 6-9.

3

was not functioning as counsel required by the Sixth Amendment; and (2) the deficient

performance prejudiced the defense.  After a thorough recitation of the facts, the Court of

Appeals concluded in this case that Petitioner's claim for relief based upon ineffective assistance

of counsel is not warranted because the ineffectiveness resulted in no prejudice to the defendant.[8]

Regardless of whether the counsel alleged to be ineffective was Attorney Rowland (which

Petitioner alleged on her direct appeal) or Attorney Escobedo (which Petitioner alleges in her

Motion), the Court of Appeals has already found that there has been no prejudice to Petitioner

related to ineffectiveness of counsel.  Therefore, the second prong of Strickland cannot be met.

The Court of Appeals also addressed Petitioner's claim that her prior conviction

exaggerated or over-represented her criminal history, and that the sentencing court abused its

discretion in denying her request for a downward departure.[9]  Relying on United States v. Cook,

238 F.3d 786, 791 (6th Cir. 2001), the Court of Appeals concluded that it had no authority to

review the District Court's failure to grant a downward departure, because the District Court

believed it had the authority to grant such a departure as a matter of law.  The Court stated that

the District Court implicitly acknowledged that it had the authority to deny the request by

denying it, citing United States v. Strickland, 144 F.3d 412, 418 (6th Cir. 1998): "'[T]he district

court need not explicitly state that it is aware of its discretionary power to depart downward; as

long as the record makes clear such awareness....'" Id.

Because both of the issues in Petitioner's Motion (ineffective assistance of counsel and

criminal history) have been addressed and rejected on direct appeal, they may not be relitigated

---

[8]U.S. Response at page 9.

[9]U.S. Response, Attachment A, at page 11.

through this Motion, absent exceptional circumstances such as an intervening change in the law. Dupont v. United States, 76 F.3d 108, 110 (6th Cir. 1996). Because no such circumstances exist in this case, Petitioner's Motion should be denied.

## V.    CONCLUSION

Based on the foregoing, it is respectfully recommended that Petitioner's § 2255 Motion be **DENIED.**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to this report.

s/Wallace Capel, Jr.
**WALLACE CAPEL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Date:   November 17, 2006

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

<u>**CERTIFICATE OF SERVICE**</u>


I hereby certify that on <u>November 17, 2006,</u> I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>James C. Mitchell,</u>

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Alvarez Camila Sanchez, #17786112, Federal Correctional Facility, 5701-8 St Camp Park, Dulin, CA 94568.</u>


<u>s/James P. Peltier</u>
United States District Court
Flint, Michigan 48502
810-341-7850
E-mail: pete_peltier@mied.uscourts.gov

6